# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BATES, | ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 19-1207-JDT-cgc |
| SERGEANT SHULZ, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER DISMISSING CASE WITHOUT PREJUDICE
## AND ASSESSING $400 CIVIL FILING FEE

On September 11, 2019, Plaintiff David Bates, Tennessee Department of Correction prisoner number 456107, an inmate at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) However, Plaintiff did not sign his complaint and failed to either pay the $400 civil filing fee or file a motion to proceed *in forma pauperis*. On September 24, 2019, the Court ordered Plaintiff to submit, within 30 days, a signed copy of his complaint; he also was ordered to either pay the entire filing fee or submit an *in forma pauperis* application and a certified copy of his inmate trust account statement for the last six months, in accordance with the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 3.) Plaintiff was warned that if he failed to comply fully with the order in a timely manner the Court would "deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his inmate trust account without regard to the installment procedures [of the PLRA], and dismiss the action without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)." (*Id.* at PageID 8.)

Plaintiff has not complied with the September 24, 2019, order, and the time for compliance has expired. Therefore, he may not proceed *in forma pauperis*, and the complaint is hereby DISMISSED without prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust account the sum of $400 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust account officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account

since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

>  Clerk, United States District Court, Western District of Tennessee
>  111 S. Highland Ave., Room 262, Jackson, TN  38301

and shall clearly identify Plaintiff's name and the case number as it appears on the first page of this order. If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order. If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on Plaintiff's ability to file future lawsuits in this Court, without any additional notice or hearing.

The Clerk is DIRECTED to mail a copy of this order to the prison official in charge of inmate trust accounts at the Plaintiff's prison. The Clerk is further DIRECTED to forward a copy of this order to the Warden of the NWCX to ensure that the custodian of Plaintiff's inmate trust account complies with this provisions of this order.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE